UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

MUHAMMAD ALI,

Plaintiff,

v. Case No. 26-cv-589-pp

COMMUNITY REINTEGRATION CENTER, *et al.*,

Defendants.

---

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING FILING FEE (DKT. NO. 5) AND SCREENING COMPLAINT UNDER 28 U.S.C. §1915A**

---

Plaintiff Muhammad Ali, who is incarcerated at Columbia Correctional Institution and is representing himself, filed a complaint under 42 U.S.C. §1983, alleging violations of his civil rights. This decision resolves the plaintiff's motion for leave to proceed without prepaying the filing fee, dkt. no. 5, and screens his complaint, dkt. no. 1.

## I. Motion for Leave to Proceed without Prepaying the Filing Fee (Dkt. No. 5)

The Prison Litigation Reform Act (PLRA) applies to this case because the plaintiff was incarcerated when he filed his complaint. See 28 U.S.C. §1915(h). The PLRA lets the court allow an incarcerated plaintiff to proceed with his case without prepaying the civil case filing fee. 28 U.S.C. §1915(a)(2). When funds exist, the plaintiff must pay an initial partial filing fee. 28 U.S.C. §1915(b)(1). He then must pay the balance of the $350 filing fee over time, through deductions from his prisoner account. Id.

On April 23, 2026, the court ordered the plaintiff to pay an initial partial filing fee of $51.12. Dkt. No. 7. The court received that fee on May 5, 2026. The court will grant the plaintiff's motion for leave to proceed without prepaying the filing fee and will require him to pay remainder of the filing fee over time in the manner explained at the end of this order.

## II. Screening the Complaint

### A. Federal Screening Standard

Under the PLRA, the court must screen complaints brought by incarcerated persons seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The court must dismiss a complaint if the incarcerated plaintiff raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

In determining whether the complaint states a claim, the court applies the same standard that it applies when considering whether to dismiss a case under Federal Rule of Civil Procedure 12(b)(6). See Cesal v. Moats, 851 F.3d 714, 720 (7th Cir. 2017) (citing Booker-El v. Superintendent, Ind. State Prison, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v.

Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under the color of state law. D.S. v. E. Porter C'nty Sch. Corp., 799 F.3d 793, 798 (7th Cir. 2015) (citing Buchanan–Moore v. C'nty of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009)). The court construes liberally complaints filed by plaintiffs who are representing themselves and holds such complaints to a less stringent standard than pleadings drafted by lawyers. Cesal, 851 F.3d at 720 (citing Perez v. Fenoglio, 792 F.3d 768, 776 (7th Cir. 2015)).

B. The Plaintiff's Allegations

The plaintiff was confined at the Milwaukee County Community Reintegration Center (the Center) during the events described in the complaints. He has filed a complaint, dkt. no. 1, an amended complaint, dkt. no. 2, a complaint regarding Officer Muhammad, dkt. no. 1-2, a complaint regarding Officer Adan, dkt. no. 1-3, and a complaint regarding segregation, dkt. no. 1-4. In his amended complaint, the plaintiff states that officers at the Center provided him with inadequate medical and mental health care, subjected him to unsafe conditions of confinement and defamed his character. Dkt. No. 2 at 2. He seeks damages for pain and suffering as well as violations of

his rights under federal and state law. Id. at 4. The amended complaint does not contain any specific allegations regarding how the named defendants violated his rights. The plaintiff's other complaints include some factual allegations against officers at the Center. Dkt. Nos. 1-2, 1-3, 1-4.

C. Analysis

The court cannot evaluate the plaintiff's allegations because they are spread over several "complaints." The amended complaint does not state a plausible claim for relief against any defendant. The court will give the plaintiff an opportunity to file a single, comprehensive amended complaint that contains all his allegations against the defendants.

The court advises the plaintiff that he cannot sue the Center or the Milwaukee County Jail under 42 U.S.C. §1983, Section 1983 allows a plaintiff to sue a "person" who, acting under color of law, violates his constitutional rights. The Center and the Milwaukee County Jail are not people—they are not individuals subject to suit under §1983. It is true that under some circumstances, a plaintiff may sue a municipality—which is not a person—under §1983. See Monell v. Dep't of Social Serv's of City of New York, 436 U.S. 658 (1978). But Federal Rule of Civil Procedure 17(b) says that a defendant in a federal lawsuit must have the legal capacity to be sued. State law determines whether an entity has that capacity. Webb v. Franklin C'nty Jail, Case No. 16-cv-1284, 2017 WL 914736 at *2 (S.D. Ill. Mar. 8, 2017). In Wisconsin, the jail is an arm of the sheriff's department and under Wisconsin law, the sheriff's department is an arm of the County. See Abraham v. Piechowski, 13 F. Supp.

2d 870, 877-79 (E.D. Wis. 1998). This means that neither the jail nor the sheriff's department are "legal entit[ies] separable from the county government which [they] serve[] . . . ." Whiting v. Marathon C'nty Sheriff's Dep't, 382 F.3d 700, 704 (7th Cir. 2004)). Because the Center and Milwaukee County Jail do not have the capacity to be sued, the plaintiff may not proceed against those entities.

The court is enclosing a copy of its amended complaint form. The plaintiff must use this form for his amended complaint. See Civil Local Rule 9(b). (E.D. Wis.). He must list the case number for this case on the first page. He must list in the caption of the amended complaint all the defendants he wants to sue. He should use the spaces on pages two and three to explain the key facts that give rise to the claims he wishes to bring, and to describe which defendants he believes committed the violations that relate to each claim. If there is not enough space on those pages, the plaintiff may use up to five additional sheets of paper, double-spaced so that the court can read them. The amended complaint takes the place of the prior complaint and must be complete in itself; the plaintiff may not refer the court or other readers back to facts in the previous complaint.

When writing his amended complaint, the plaintiff should provide the court with enough facts to answer the following questions: 1) Who violated his constitutional rights?; 2) What did each person do to violate his rights?; 3) Where did each person violate his rights?; and 4) When did each person violate his rights? The amended complaint does not need to be long or contain legal

language or citations to statutes or cases, but it does need to provide the court and each defendant with notice of what each defendant allegedly did or did not do to violate his rights.

## III. Conclusion

The court **GRANTS** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 5.

The court **CONCLUDES** that the plaintiff's amended complaint fails to state a claim. Dkt. No. 2.

The court **ORDERS** that the plaintiff may file a second amended complaint that complies with the instructions in this order. If the plaintiff chooses to file a second amended complaint, he must do so in time for the court to receive it by the end of the day on **October 9, 2026**. If the court receives a second amended complaint by October 9, 2026, the court will screen the second amended complaint as required by 28 U.S.C. §1915A. If the court does not receive either a second amended complaint or a request for more time to file one by the end of the day on October 9, 2026, the court will dismiss this case based on the plaintiff's failure to state a claim in his first amended complaint and will issue him a "strike" as required by 28 U.S.C. §1915(g).

The court **ORDERS** that the agency that has custody of the plaintiff must collect from his institution trust account the **$298.88** balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the plaintiff's trust account and forwarding payments to the Clerk of Court each time the

amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The agency must clearly identify the payments by the case name and number. If the plaintiff transfers to another county, state or federal institution, the transferring institution must forward a copy of this order, along with the plaintiff's remaining balance, to the receiving institution.

The court will send a copy of this order to the Warden at Columbia Correctional Institution, where the plaintiff is confined.

The court **ORDERS** that plaintiffs who are incarcerated at Prisoner E-Filing Program institutions[1] must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the court. Plaintiffs who are incarcerated at all other prison facilities must submit the original document for each filing to the court to the following address:

Office of the Clerk
United States District Court
Eastern District of Wisconsin
362 United States Courthouse
517 E. Wisconsin Avenue
Milwaukee, Wisconsin 53202

DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS. It will only delay the processing of the case.

The court advises the plaintiff that if he fails to file documents or take other required actions by the deadlines the court sets, the court may dismiss the case based on his failure to diligently pursue it. The parties must notify the

---

[1] The Prisoner E-Filing Program is mandatory for all individuals incarcerated at Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution.

Clerk of Court of any change of address. The court also advises the plaintiff that it is his responsibility to promptly notify the court if he is released from custody or transferred to a different institution. The plaintiff's failure to keep the court advised of his address may result in the court dismissing this case without further notice.

With this order the court will include a guide prepared by court staff to address common questions that arise in cases filed by incarcerated individuals. Entitled "Answers to Prisoner Litigants' Common Questions," this guide contains information that the plaintiff may find useful in prosecuting his case.

Dated in Milwaukee, Wisconsin, this 16th day of September, 2026.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**Chief United States District Judge**